PER CURIAM.
Didriko Daniels appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Although filed pursuant to rule 3.800(a), Daniels alleges ineffective assistance of counsel in his motion. The trial court treated this motion as one filed pursuant to rule 3.850.
In his motion, Daniels claimed that trial counsel was ineffective for failing to object to: (1) the imposition of eighty points for penetration under the victim injury section of his scoresheet; (2) Daniels being declared a sexual predator; and (3) the impo *812 sition of $86 for investigative costs. The trial court denied Daniels’ motion and attached copies of the record conclusively refuting these claims. Therefore, as to the three allegations mentioned above, the trial court’s order is affirmed.
However, in his motion, Daniels also asserted that he entered a plea with the understanding that only points for sexual contact would be assessed on his score-sheet. The trial court did not address this issue and did not attach any portions of the record to refute this allegation. It is unclear what occurred during the plea colloquy and what, if anything, was stipulated to as part of any plea agreement. Therefore, because the trial court’s order does not have any attachments which conclusively refute this claim, it is reversed and remanded. On remand, the trial court shall attach those portions of the record which conclusively refute Daniels’ claim that he entered a plea with the understanding that only points for sexual contact be assessed on his scoresheet, or conduct further proceedings in this matter.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and BLUE and DAVIS, JJ., Concur.